STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JAMES BARKER,
Plaintiff,

v.

C.A. No.

HOME DEPOT, INC.,
Defendants.

## COMPLAINT

1. This complaint arises from employment discrimination based on disability.

## JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to G.L. 1956 § 28-5-1 et seq., G.L. 1956 § 42-112-1 et seq., and G.L. 1956 § 42-87-1 et seq.

## PARTIES

3. Plaintiff, James Barker ("Plaintiff"), is a resident of the State of Massachusetts and a United States citizen.

4. Defendant, Home Depot, Inc., ("Defendant"), is a corporation duly licensed and doing business in Providence, Rhode Island, where the harm giving rise to this complaint occurred.

## ADMINISTRATIVE PROCEDURES

5. On or about June 29, 2004, charges of discrimination, based upon disability, were timely filed with the Rhode Island Commission for Human Rights ("Commission").

6. On or about June 13, 2006, the Commission issued a "Notice of Right to Sue."

7. This complaint has been filed within ninety (90) days of the receipt of the "Notice of Right to Sue."

**STATEMENT OF FACTS**

8. On or about April 20, 2001, Plaintiff was hired by Defendant as a sales associate.

9. In July or August 2003, Plaintiff was transferred to the Providence Home Depot store and promoted to department supervisor.

10. Plaintiff has an impairment which substantially limits at least one major life activity. Plaintiff has a back impairment which causes him to walk bent over in a significant way.

11. Shortly after arriving at the Providence store, the majority of the staff in Plaintiff's department were taken away.

12. Because of this, Plaintiff was forced to do work outside of his physical limitations.

13. Plaintiff was subjected to discriminatory comments about his disability and limitations.

14. Defendant refused Plaintiff's request for reasonable accommodations.

15. Plaintiff was forced to step down from his supervisor position because of the lack of reasonable accommodations.

16. Plaintiff was promised a position as kitchen designer, but later found out that management had no intention of making him a kitchen designer.

17. Shortly after being demoted to appliance sales, Plaintiff was fired.

18. Defendant's stated reason for Plaintiff's termination was that he had taken a short lunch or had stolen time off the clock.

19. Defendant's proffered reason for terminating Plaintiff was a pretext for discrimination.

20. Plaintiff has an actual disability which substantially limits one or more major life activities.

21. Plaintiff has a record of an impairment which substantially limits one or more major life activities

22. Defendant perceived Plaintiff as having an impairment which substantially limits one or more major life activities.

23. Plaintiff was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation.

24. Plaintiff performed his duties and responsibilities in at least a satisfactory manner during the entire time he was employed by Defendant.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 *et seq.***
**(Disparate Treatment)**

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26. By the aforesaid actions, Defendant violated the FEPA by discriminating against the Plaintiff based upon his disability.

27. Plaintiff is damaged as a proximate result of this conduct.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Treatment)**

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. By the aforesaid actions, Defendant violated the RICRA by discriminating against Plaintiff because of his disability.

30. Plaintiff is damaged as a proximate result of this conduct.

**COUNT III**
**Rhode Island Civil Rights of People With Disabilities Act ("RIPDA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Treatment)**

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32. By the aforesaid actions, Defendant violated the RIPDA by discriminating against Plaintiff because of his disability.

33. Plaintiff is damaged as a proximate result of this conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;

(2) order the Defendant to make the Plaintiff whole;

(3) order the Defendant to pay Plaintiff compensatory damages;

(4) order the Defendant to pay Plaintiff punitive damages;

(5) order the Defendant to pay Plaintiff liquidated damages;

(6) retain jurisdiction of this action to ensure full compliance;

(7) order the Defendant to pay Plaintiff costs and expenses and reasonable attorneys' fees;

(8) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By his attorney,

Patricia E. Andrews, #4321
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

Dated: September 8, 2006.