**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JAMES BARKER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT, INC.**<br><br>**Defendant.** | **Civil Action No. 07-CV-015T** |

**DEFENDANT'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Home Depot U.S.A., Inc., ("Defendant"), hereby answers the Complaint of plaintiff, James Barker ("Plaintiff"), as follows:

1. Paragraph 1 of the Complaint does not contain factual allegations requiring a response from Defendant. To the extent paragraph 1 does require a response from Defendant, Defendant denies the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION

2. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits it is a corporation duly licensed and doing business in Providence, Rhode Island. Defendant denies all remaining allegations contained in paragraph 4 of the Complaint.

## ADMINISTRATIVE PROCEDURES

5. Defendant admits the charges of discrimination contained in the Charge filed with the Rhode Island Commission for Human Rights on June 29, 2004 were timely filed. Defendant denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits Plaintiff's employment was terminated effective April 12, 2004. Defendant denies all remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Disparate Treatment)**

25. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 24 herein.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Disparate Treatment)**

28. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 27 herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

**COUNT III**
**Rhode Island Civil Rights of People With Disabilities Act ("RIPDA")**
**G.L. 1956 § 42-87-1 et seq.**
**(Disparate Treatment)**

31. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 30 herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

**PRAYER FOR RELIEF**

Defendant states the Prayer For Relief does not contain any allegations to which a response is required from Defendant.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint in whole or in part fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims must be dismissed for insufficient service of process on Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, because Plaintiff has suffered no damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed properly to mitigate damages, the existence of which Defendant denies, as required by law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, because Defendant's actions were at all times proper and lawful, in the advancement of legitimate, nondiscriminatory and reasonable business interests that were in no way related to Plaintiff's alleged disability.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are limited by statute.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred in whole or in part because, at all relevant times, the actions of Defendant were legal, proper, reasonable, and in conformity with all applicable Rhode Island and federal statutory, regulatory, and decisional law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy provisions of Rhode Island Workers Compensation law provided in Rhode Island General Law § 28-29-1 et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Rhode Island Commission for Human Rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the Rhode Island Commission for Human Rights in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant has in place a clear and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Home Depot, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not "disabled" within the meaning of G.L. c. 1956 § 28-5-1 et seq. or § 42-112-1 et seq. nor disabled or a "qualified individual with a disability" within the meaning of G.L. 1956 § 42-87-1 et seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant provided Plaintiff with a reasonable accommodation of Plaintiff's alleged disability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to accommodate claim is barred by Plaintiff's failure to engage in an interactive process with Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an accommodation that would impose an undue hardship on Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred, in whole or in part, because Plaintiff's relationship with Defendant was terminable at will by either party.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend this answer to modify its responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1. Plaintiff's complaint be dismissed;
2. Defendant be awarded costs and fees; and
3. Defendant be granted such other and further relief as the Court deems appropriate.

HOME DEPOT U.S.A., INC.
By its attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

/s/ Joseph P. McConnell
Joseph P. McConnell (RI No. 5086)

Dated: February 22, 2007

**CERTIFICATE OF SERVICE**

I, Joseph P. McConnell, hereby certify that I have caused a copy of Defendants' Answer and Affirmative Defenses to be served upon Plaintiff's attorney, Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island 02903, by electronic notification on this 22nd day of February 2007.

/s/ Joseph P. McConnell
Joseph P. McConnell