**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JAMES BARKER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT, Inc.,**<br>**Defendant.** | **C.A. No. 07-15S** |

**PRE-TRIAL CONFERENCE STATEMENT**

**I.** ***Brief Background***

Plaintiff James Barker ("Barker"), has a substantial impairment to his back which causes him to be significantly bent forward at all times. In April 2001, he was hired at the South Attleboro Home Depot store as a sales associate. He did not have any problems in the South Attleboro store. In fact, in the summer of 2003, he earned a promotion and was transferred to the Providence Home Depot store to serve as department supervisor. During his tenure in Providence, he faced constant obstacles, including discriminatory comments about his disability and limitations which had been accommodated without incident in South Attleboro.

Shortly after his arrival in Providence, he was demoted and then fired. In addition, he did not receive the same accommodations as he had received in South Attleboro. Barker was fired because on a single occasion he was allegedly "sleeping on the clock," in the break room and then allegedly lied to his supervisor about it. This accusation is false and a pretext for discrimination. After exhausting the appropriate administrative remedies, Barker filed the instant complaint in state court alleging failure

to accommodate, hostile work environment, and disparate treatment under state law. Home Depot removed the action to this forum.

**II. *Plaintiff's Claims***

The relevant legal issues arise from the two legal theories, failure to accommodate[1] and disparate treatment. Although Barker has stated claims under the Fair Employment Practices Act, G.L. 1956 §§ 28-5-1 et seq., the Rhode Island Civil Rights Act, G.L. 1956 §§ 42-112-1 et seq., and the Rhode Island Civil Rights of Individuals with Handicaps Act, G.L. 1956 §§ 42-87-1 et seq., each requires the same basic analysis. See Kriegel v. State Department of Corrections, 266 F. Supp.2d 288, 296 (D.R.I. 2003).

**A. *Failure to Accommodate.***

In order to prove failure to accommodate the plaintiff must show that he is (1) a person with a disability; (2) that he was nevertheless able to perform the essential functions of the job with or without reasonable accommodation; and (3) that despite knowing of his disability, Defendant did not reasonably accommodate it. See Kriegel, 266 F. Supp.2d at 297 (citing Carroll v. Xerox Corp., 294 F.3d 231, 237-38 (1st Cir. 2002)).

**B. *Disparate Treatment.***

To recover for disparate treatment, plaintiff must show that he (1) suffers from a disability; (2) that he was nevertheless able to perform the essential functions of the job with or without reasonable accommodation, and (3) that Defendant took an adverse employment action against him, at least in part, because of his protected disability. See

[1]It appears that Plaintiff's complaint included factual allegations relating to a failure to accommodate, but did not include a separate claim under FEPA or the RIPDA. Accordingly, Plaintiff intends to move to amend the complaint.

Kriegel, 266 F. Supp.2d at 299 (citing Carroll, 294 F.3d at 237). Once the employer demonstrates a legitimate business reason for the adverse action, Plaintiff must then show the reason is a pretext for discrimination. See id.

Plaintiff,
By his Attorneys,

/s/ Carly B. Iafrate

______________________________

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 9th day of March 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

jmcconnell@morganbrown.com

/s/ Carly B. Iafrate, Esq.

______________________________